**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2721-17T1

WILLIAM STRIKER,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

          Submitted February 25, 2019 – Decided March 7, 2019

          Before Judges Sabatino and Haas.

          On appeal from the New Jersey Department of Corrections.

          William Striker, appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Nicholas A. Sullivan, Deputy Attorney General, on the brief).

PER CURIAM

In this prison disciplinary matter, appellant William Striker, an inmate at the Adult Diagnostic and Treatment Center ("ADTC"), seeks reversal of a January 12, 2018 final agency decision of the Department of Corrections. The Department upheld a hearing officer's finding that appellant engaged in infractions for prohibited acts *.004 (fighting with another person), and *.306 (conduct which disrupts or interferes with the security or orderly running of the correctional facility), in violation of N.J.A.C. 10A:4-4.1(a). We affirm.

The record reflects that, on January 8, 2018, Corrections Officer D. Sheppard responded to a loud noise on the C-Unit of the ADTC. Officer Sheppard observed two inmates, John Kishel and Maksim Michlich, shoving one another, Sheppard ordered Kishel and Michlich to stop their altercation, and they both were escorted to the medical staff.

The following day, January 9, another inmate who had been present during the altercation, Joseph Rivera, provided a written statement. In his witness statement, Rivera recounted that, before Officer Sheppard arrived, he saw appellant holding Michlich in a "choke hold." Then Michlich tossed a trash can, which caused Kishel to punch him.

Meanwhile, Michlich said in his own written statement that the episode was merely a "misunderstanding" in which the inmates only had been yelling at

one another. Kishel's written statement claimed that Michlich had slammed him up against a wall after throwing the trash can. Appellant admitted in his written statement that he had been yelling at Michlich, but denied putting his hands Michlich.

After considering the various accounts of what had occurred, the hearing officer concluded that appellant had put a fellow inmate in a choke hold, and that he was thereby guilty of fighting and disruptive conduct. As sanctions, the hearing officer imposed on appellant on each charge 180 days of administrative segregation, 180 days of lost commutation time, and 30 days of lost recreational privileges. The 180 days of lost commutation time were imposed consecutively, but the administrative segregation periods and lost recreational days were made concurrent.

Appellant pursued an internal administrative appeal within the Department. On January 12, 2018, an Assistant Superintendent upheld the hearing officer's guilty findings, but reduced and modified the sanctions to 100 days of concurrent administrative segregation, 30 days of concurrent loss of recreational privileges, and no lost commutation time.

On appeal, appellant argues in a brief and reply brief that the Department failed to prove the charges against him and that it deprived him of due process. We disagree.

Our scope of review is limited. We generally will not disturb the Department's administrative decision to impose disciplinary sanctions upon an inmate, unless the inmate demonstrates that the decision is arbitrary, capricious or unreasonable, or that the record lacks substantial credible evidence to support the determination. See Jacobs v. Stephens, 139 N.J. 212, 222 (1995); Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). Here, although the inmate witnesses supplied varying written narratives, the hearing officer had the prerogative as the fact-finder to adopt as more persuasive the version that inculpated appellant. The finding is supported by substantial credible evidence.

Moreover, we discern no due process or procedural violations. Appellant was offered and declined a counsel substitute, had the right to call witnesses, and elected not to cross-examine witnesses. In fact, Rivera was one of the witnesses who appellant specifically requested to provide a statement.

All other arguments raised by appellant lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(D) and (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-2721-17T1